IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF OKLAHOMA

FILED

APR 1 3 2009

ROBERT D. DENNIS, CLERK
U.S. DIST. COURT, WESTERN DIST. OF OKLA.
BY _____ DEPUTY

JERRY L. THOMAS, )
 )
        Petitioner, )
 )
vs. ) No. CIV-08-1321-W
 )
DAVID PARKER, )
 )
        Respondent. )

## ORDER

On February 11, 2009, United States Magistrate Judge Doyle W. Argo issued a Report and Recommendation in this matter and recommended inter alia that the Petition for Writ of Habeas Corpus ("Petition") filed by petitioner Jerry L. Thomas pursuant to title 28, section 2241 of the United States Code be granted. The parties were advised of their right to object, and the matter now comes before the Court on the Objection to Report and Recommendation filed by respondent David Parker.

While incarcerated at James Crabtree Correctional Center ("JCCC"), Thomas was charged with the misconduct offense of possession of contraband, namely, a homemade kaffiyeh (kufi) cap. A disciplinary proceeding was commenced, and Thomas lost thirty (30) earned credits.

Magistrate Judge Argo set forth in his Report and Recommendation the events giving rise to this action as well as the applicable standard of review; the Court therefore finds that neither a more detailed recitation of these events nor a restatement of the correct standard of review is necessary.

In Ground Six of his Petition, Thomas alleged that the misconduct charge was motivated by retaliation for his pursuit of an administrative grievance against JCCC mail room clerk, Shannon Reed, based upon her alleged failure to mail Thomas' grievance appeals to the Oklahoma Department of Corrections administrative review authority. Having reviewed the record de novo, the Court concurs with Magistrate Judge Argo's finding that Thomas' allegations regarding what transpired on April 20, 2007, were specific and unrefuted. The Court further concurs with Magistrate Judge Argo's finding that the decision to charge Thomas with the misconduct offense of possession of contraband for wearing his homemade kufi on that date was in retaliation for Thomas' exercise of his right to file a grievance against Reed.

The Court finds Parker's objections have no merit. The record demonstrates, as Magistrate Judge Argo noted, that Parker neither submitted his own statement, sworn or otherwise, nor submitted the statement of Captain Jim Reed disputing Thomas' version of the events. The fact that Parker's counsel has now reported that "both Warden Parker and . . . [Captain Jim] Reed ha[d] previously denied Petitioner's allegations," Objection at 2, in another case filed in this judicial district, or that counsel

> "became aware of th[ose] denials while discussing the [instant] Report and Recommendation with attorneys of the Office of the Attorney General assigned to other cases filed by Petitioner,"

Objection at 3, does not entitle Parker to relief at this stage of the litigation or excuse his failure to attach such statements to, or submit any other evidence in support of, his response and the conclusory allegations set forth therein on December 18, 2008.

Having found Thomas' allegations in Ground Six dispositive of this matter, the Court has not considered Grounds Three and Four of the Petition. As to Grounds One, Two and

2

Five that challenge the state courts' review of the revocation of Thomas' earned credits, the Court finds such grounds provide no basis for federal habeas relief.

Accordingly, the Court

(1) ADOPTS the Report and Recommendation (including its admonishment to defense counsel regarding his ethical obligations) issued on February 11, 2009;

(2) GRANTS Thomas' Petition file-stamped December 3, 2008;

(3) ORDERS Parker to expunge Thomas' disciplinary conviction and return to Thomas any earned credits that were revoked as a result of that conviction on or before April 28, 2009;

(4) ORDERS Parker to show proof to this Court of such expungement and restoration of credits on or before April 30, 2009; and

(5) ORDERS that judgment in favor of Thomas issue forthwith.[1]

ENTERED this 13th day of April, 2009.

LEE R. WEST
UNITED STATES DISTRICT JUDGE

---

[1] Because judgment in favor of Thomas and against Parker shall issue this date, the Court deems MOOT Thomas' Motion for Judgment on the Pleadings file-stamped February 25, 2009.